UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ST. JOHN'S UNIVERSITY, NEW YORK,

                          Plaintiff,

     -against-

SANFORD M. BOLTON, HYGROSOL
PHARMACEUTICAL CORP., and
SPIRIDON SPIREAS,

                          Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-5039 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Leslie Trager ("Trager") moves to intervene in the above-captioned action as of right under Federal Rule of Civil Procedure 24(a), and, in the alternative, moves for permissive intervention under Rule 24(b). (Mot. to Intervene (Docket Entry # 50).) All parties opposed the motion. For the following reasons, Trager's motion is denied.

**I. BACKGROUND**

      In 2006, Trager brought a breach of contract action against Sanford Bolton ("Bolton") and Hygrosol Pharmaceuticals Corp. ("Hygrosol") on behalf of a client unrelated to St. John's University ("St. John's"). (Tsougarakis Decl. (Docket Entry # 52) Ex. 4.) During the course of the litigation, Trager allegedly discovered that Bolton and Spiridon Spireas ("Spireas") (collectively with Hygrosol, "Defendants") had breached their respective agreements with St. John's.[1] In November 2008, Trager "sold" this information to St. John's in exchange for "20% of the net funds received" if St. John's successfully brought a claim against Defendants. (Becker

---

[1]     The precise nature of these agreements is fully explained in this court's Memorandum and Order denying Defendants' motions to dismiss. (See Docket Entry # 58.)

1

Decl. (Docket Entry # 51) Ex. A.)  Trager's agreement with St. John's (the "Agreement") states that "St. John's is not obligated to pursue any information that [Trager] provided."  (Id.)

St. John's commenced the instant action against Defendants by notice and summons in New York State Supreme Court on November 18, 2008.  (See Docket Entry # 1.)  Defendants removed the action to this court on December 15, 2008.  (See id.)  St. John's subsequently filed a complaint alleging a variety of claims including fraud, breach of contract, and breach of fiduciary duty.  (Docket Entry # 13.)  Defendants moved to dismiss.  (Docket Entry ## 36, 40.)  On December 8, 2009 Trager sent a letter to St. John's general counsel, Joseph Oliva, disapproving of St. John's arguments against the motions to dismiss.  (Mot. to Intervene Ex. A.)  Oliva refused to "substantively respond" to Trager's letter, stating only, "I find your correspondence and approach to be unprofessional and uninformed.  The University is very pleased with its motion papers and the extraordinary work of our outside counsel."  (Id. Ex. B.)

Trager moved to intervene on February 11, 2010.  (See id.)  In his motion, Trager objects to the arguments raised by St. John's outside counsel.  (Id. at 4-8.)  Specifically, Trager argues that St. John's should have raised a "continuous breach doctrine" argument with respect to Spireas's breach of his contract with St. John's, and that St. John's should have distinguished a particular case that Bolton cited in his moving papers.  (Id.)

## II.  DISCUSSION

The court considers first whether Trager may intervene in this proceeding as of right.  Second, the court considers whether it should exercise its discretion to permit Trager to intervene even if he does not satisfy the requirements for intervention as of right.

### A.     Intervention as of Right

Federal Rule of Civil Procedure 24(a) states that,

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

To intervene as of right under Rule 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." New York News, Inc. v. Kheel, 972 F.2d 482, 485-88 (2d Cir. 1992). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." Id. (citations omitted). Trager fails to satisfy both the second and fourth requirements of Rule 24(a)(2).

        1.      Interest in the Action

To intervene as of right, a putative intervenor must "claim[] an interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a), that is "direct, substantial, and legally protectable. An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).

In Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171 (2d Cir. 2000), the Court of Appeals considered whether a charging lien held by a discharged law firm on its former client's cause of action constituted an interest in the action within the meaning of Rule 24. Under the charging lien in Butler, the discharged firm was to automatically recover a portion of the award if its former client prevailed in the suit. Butler held that, "[d]espite the substantial value of the

charging lien, and its potential impairment by an adverse judgment, it is not certain whether this lien qualifies as an interest sufficient to justify Butler's intervention as of right" because Rule 24(a) provides "that the putative intervenor must claim an interest relating to the property or transaction *which is the subject of the action*." Id. at 177 (emphasis in original). However, "[t]he interest of discharged counsel seemingly is not in the subject of the underlying action, *i.e.*, the contract dispute that precipitated the litigation, but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client." Id. Similarly, Trager's interest "is unrelated to the underlying cause of action." Id.

Trager's financial interest in the outcome of this case is far less direct than the interest at issue in Butler. Trager's interest is in a collateral agreement he made with St. John's. Unlike the terminated law firm's interest in Butler, Trager may not be entitled to recover any of the proceeds of this action should St. John's prevail. St. John's stated in its Opposition that it plans to challenge the validity of the Agreement, and that Trager will have to bring a contract action against it to recover the 20% to which he claims he is entitled if St. John's prevails in this action. (St. John's Mem. in Opp. (Docket Entry # 51) at 4 n.2.)

Trager's interest is more akin to the interest at issue in Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc., 725 F.2d 871, 875 (2d Cir. 1984). In that case, the Second Circuit denied a liability insurer's petition to intervene as of right in a breach of contract action brought against one of its insureds because its interest in the litigation was insufficiently direct. The insurer's interest was first contingent on whether the insured prevailed in the breach of contract action. "The second contingency [was] a finding in litigation not yet even commenced between [the insurer] and [the insured] that [the insurer] is not responsible for indemnification of certain types of losses under the terms of the policy." Id. at 875. Like the insurer's interest in Restor-A-

4

Dent, Trager's interest depends on St. John's prevailing in the instant litigation, then Trager's successful enforcement of his agreement with St. John's. Trager's agreement with St. John's does not create a direct, legally protectable interest in the action sufficient to satisfy Rule 24(a).

2. Inadequate Representation of Rights

Even if Trager had an interest in the litigation as contemplated by Rule 24(a), he cannot intervene as of right because he has not shown that St. John's representation of that interest is inadequate. "While the burden to demonstrate inadequacy of representation is generally speaking 'minimal,' [the Second Circuit has] demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." Butler, 250 F.3d at 179. Although St. John's is requesting equitable relief in addition to the money damages mentioned in Trager's Agreement, Trager and St. John's effectively share the same objective. St. John's seeks to recover damages, and Trager stands to gain a portion of those damages. "Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured." Washington Elec. Coop., Inc., 922 F.2d at 98. Only "evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." Butler, 250 F.3d at 180.

Trager's objections to St. John's litigation strategy fall far short of the showing required to establish incompetence sufficient to overcome the presumption of adequacy. Evidence that the putative intervenor "and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy" is insufficient to rebut the presumption of adequate representation. United States v. City of New York, 190 F.3d 360, 367 (2d Cir. 1999). Trager and St. John's have largely identical goals, and St. John's "representation is not inadequate simply because they have different ideas about how best to achieve these

goals." Id. at 367.

Finally, it is unclear how Trager could take issue with St. John's litigation strategy, considering that St. John's had no obligation to undertake the lawsuit in the first place. The Agreement stated that "St. John's is not obligated to pursue any information that is provided by [Trager]." (Becker Decl. Ex. A.) Trager cannot argue that the Agreement is valid and enforceable while simply ignoring a clause in which he relinquished control over the information he provided to St. John's. Whatever interest Trager might have in this litigation, St. John's representation of that interest is adequate; therefore, Trager has no right to intervene under Rule 24(a).

### B. Permissive Intervention

A district court has broad discretion to grant or deny permissive intervention under Rule 24(b). Restor-a-Dent, 725 F.2d at 876. Rule 24(b)(2) provides that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Courts may also consider the "nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal question presented." H.L. Hayden Co. of New York, Inc. v. State of New York, 797 F.2d 85, 89 (2d Cir. 1986).

Trager has only an indirect interest in this case, any interest he does have is adequately represented, and there is no indication that his intervention would promote either the full development of the facts or the just and equitable adjudication of the dispute between St. John's

and Defendants. The court declines to exercise its discretion to permit Trager to intervene under Rule 24(b)(2).

## III. CONCLUSION

For the foregoing reasons, Trager's motion to intervene is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      December 10, 2010

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge