

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

January 6, 2012

BY ECF AND FEDERAL EXPRESS

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 605N
Brooklyn, New York 11201

   Re: St. John's University, New York v. Sanford M. Bolton, et al., 08-civ-5039 (NGG)(JMA)

Dear Judge Azrack:

   We represent Defendants Spiridon Spireas and Hygrosol Pharmaceutical Corp. in the above-referenced action and write pursuant to the Court's instruction in our January 4, 2012 teleconference regarding the refusal of Plaintiff St. John's University ("St. John's") to produce for deposition a 30(b)(6) witness on certain allegations St. John's has made in its Complaint. The specific topics noticed are contained in the Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Amended Notice") attached as Ex. A. The undersigned has conferred in good faith with counsel for St. John's in an effort to resolve the dispute without court action.

   On March 7, 2011, Dr. Spireas served St. John's with a 30(b)(6) Notice (the "Original Notice", attached as Ex. B) seeking a witness on, among other topics, "[t]he allegations of the Complaint". St. John's objected on the grounds, *inter alia*, that the noticed topic was overbroad and vague. After negotiation between the parties, Dr. Spireas served, on December 8, 2011, the Amended Notice, which narrowed the topic to "the factual bases for" eleven out of the 318 individual allegations in the St. John's Complaint. (Ex. A.) In Plaintiff's Objections and Responses to the Amended Notice (the "Objections", attached as Ex. C) St. John's lodged identical, non-specific objections to each topic and improperly refused to designate a witness.

  A. Dr. Spireas Is Entitled To 30(b)(6) Testimony On The Noticed Topics

   A witness on the factual basis for the allegations made by St. John's in its Complaint is both necessary and appropriate. The Complaint is primarily based upon historical events many of which took place more than 20 years ago. Numerous witnesses whose depositions have been taken have expressed lack of memory over certain events, while others have died (including co-Defendant Dr. Bolton) or are incapacitated. Dr. Spireas is entitled to understand St. John's factual bases for the serious allegations it has brought against him, and a

Honorable Joan M. Azrack 2

30(b)(6) deposition is an appropriate vehicle to discover this information. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 73-74 (D. Conn. 2010). The noticed topics relate to specific allegations in the Complaint: that Dr. Spireas acted fraudulently and breached a fiduciary duty to St. John's (topics C and E-I); that the parties assumed, performed and/or breached obligations under St. John's Patent Policy and other agreements (topics A, B, D, and K); and that St. John's was unable with reasonable diligence to discover the facts giving rise to its claims before November 2008 (topic J). Dr. Spireas has a right to question St. John's on its factual bases for each of these allegations. *See Beckner v. Bayer CropScience, L.P.*, 2006 U.S. Dist. LEXIS 44197, at *25 (D.W.Va. June 28, 2006) ("If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, its officers, employees, or others must present the position, give reasons for the position, and stand subject to cross-examination."). To date, St. John's has produced no 30(b)(6) testimony on any of these topics.

      B.     St. John's Objections Are Improper.

Because St. John's failed to object individually to each noticed topic and instead made identical objections, Dr. Spireas addresses each objection below as it relates to all topics:

*St. John's objection that it had "no additional, responsive, non-redundant, factual information" was factually incorrect.* A recent event brings the deficiency of St. John's discovery responses into relief. When St. John's stated in its December 19 objection that it had no additional information in its possession, custody or control regarding the factual bases for its complaint, it had neither produced to us nor informed us of a 2008 memorandum from a third party, a lawyer named Leslie Trager, to St. John's (attached as Ex. D).[1] That memorandum summarized what has become one of the essential factual questions that is at issue in this litigation: whether the individual defendants "received patents based largely on work conducted by Dr. Spireas in connection with his doctoral thesis at St. John's." *See* Ex. D at STJ 009015. Clearly, St. John's representation in its December 19th objection that it had no additional responsive documents was inaccurate when made. More important, the newly-produced memorandum raises more questions than it answers, namely whether the information therein is St. John's factual basis for its allegations, and whether there are other factual bases. This is precisely the information that Dr. Spireas is entitled to understand with respect to the allegations at issue.

Furthermore, topics A, B, D, E, F, H, and I of the Amended Notice seek testimony on St. John's contractual and non-contractual relationships with Dr. Spireas. St. John's own view of its relationship with Dr. Spireas is a critical component of its claims, on which only St. John's can testify, and on which St. John's has yet to provide a witness. Topics C, G, I, and J of the Amended Notice seek testimony on St. John's reliance on Dr. Spireas, which implicates another critical issue in this lawsuit: whether Dr. Spireas defrauded St. John's. The existence of such fraud requires reliance by St. John's, a topic on which only St. John's can testify.

---

[1] St. John's ultimately produced this memorandum on December 28, 2011, after we became aware of its existence from Mr. Trager's response to our subpoena and made a specific request to St. John's for its production. (*See* Ex. E.) We reserve the right to seek further relief from the Court for the untimely production of this document once we understand the basis for it.

Honorable Joan M. Azrack 3

*The Amended Notice is not "improperly aimed, under the guise of seeking factual information, at discovering the work product of STJ".* As outlined above, significant factual issues in this litigation remain unexplored. Testimony from St. John's is essential to the just resolution of this case.

*The Amended Notice is not "duplicative of Topic No. 2 of [the Original Notice]."* The Amended Notice is not duplicative of Topic 2 of the Original Notice, which related to St. John's general application of its Patent Policy and did not relate to any facts specific to Dr. Spireas. The topics in the Amended Notice, on the other hand, relate specifically to Dr. Spireas and to allegations made by St. John's regarding either Dr. Spireas's conduct or its relationship to Dr. Spireas.

*The Amended Notice is not "unreasonably cumulative or duplicative."* Even if the areas of testimony overlap with prior individual testimony or documentary evidence, Dr. Spireas is still entitled to binding testimony of St. John's on the noticed topics. *See Dongguk*, 270 F.R.D. at 74 ("[C]ourts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition.").

*The Amended Notice is not "burdensome."* St. John's identified no unreasonable burden it would bear in producing the requested 30(b)(6) testimony. The identified topics, which are essential to Dr. Spireas's defenses, are narrow and in some cases relate closely to each other, so presumably could be addressed by only one or two witnesses.

In conclusion, Dr. Spireas respectfully moves the Court for an order compelling St. John's to produce a witness for examination on each of the topics in the Amended Notice, and such other relief as the Court may deem appropriate.

Respectfully submitted,

Shannon F. Green

Enclosures

cc: Counsel of Record